IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DONTA JENKINS,

                Plaintiff,                  OPINION AND ORDER

    v.
                                                 22-cv-480-wmc

J/O BERTLESON, J/O RUSSEL,
J/O BETH, J/O BARTLES, J/O LECOUNT,
and SGT. OTTO,

                Defendants.

*Pro se* plaintiff Donta Jenkins alleges that officers at the Eau Claire County Jail refused to provide him medical or mental health care and subjected him to inhumane conditions of confinement, in violation of his constitutional rights. (Dkt. #8.) Defendants move for summary judgment on the ground that Jenkins failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). (Dkt. #29.) The court agrees and, therefore, must grant defendants' motion.

OPINION

**I. The Exhaustion Requirement**

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion requires complying with the rules applicable to the grievance process at the inmate's institution." *Id.*; *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). The PLRA's exhaustion

requirement is mandatory.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Failure to exhaust requires dismissal of a prisoner's case without prejudice.  *Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022).

Inmates are only required to exhaust administrative remedies that are available to them.  *Ross v. Blake*, 578 U.S. 632, 642 (2016).  "[A]n administrative procedure is unavailable when . . . officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates."  *Id.* at 643.  Also, an administrative procedure is unavailable when it is "so opaque" that "no ordinary prisoner can discern or navigate it."  *Id.* at 643-44.  Finally, an administrative procedure is unavailable if prison and jail officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* at 644.

In this case, however, it is undisputed that Jenkins received a copy of the jail's inmate handbook when he was booked on June 2, 2022, and that he knew how to file and exhaust grievances.  (Dkt. #32, at ¶¶ 1, 4, and 10.)  The handbook states that "resolutions as to all issues except appeals must first be attempted with jail staff" using a grievance form, which "must be submitted within 24 hours from the time of the incident being grieved."  (Dkt. #31-1 at 6.)  If the inmate is "not satisfied with the findings and actions of the officer accepting the grievance," the grievance procedure affords inmates four stages of appeal, by: the sergeant on duty, then the lieutenant, then the jail captain, and ultimately the sheriff.  (*Id.*)  With respect to the timing of the second level of appeal, the handbook states that the sergeant "will have 5 working days to respond to the inmate," after which the inmate "may submit a written appeal within 3 days to the Lieutenant."  (*Id.*)  The handbook makes

clear that the "grievance procedure must follow the above chain of command in order to be acted on." (*Id.*)

**II. Incident and Grievance**

In this lawsuit, the court granted Jenkins leave to proceed against defendants for their allegedly unreasonable response to his inhumane conditions of confinement, medical needs, and the risk that he would commit self-harm after Jenkins had spread feces in his cell on July 22, 2022. (Dkt. #8, at 2-4.) It is undisputed that Jenkins filed a written grievance form about the incident on July 27, 2022, more than 24 hours after the incident occurred. (Dkt. #31-2, at 1.) However, Officer Feldten responded to the merits of the complaint the same day, stating that the delay in offering Jenkins a shower and his current housing were due to Jenkins's behavior. (*Id.* at 2.) Jenkins appealed Feldten's decision on July 27, 2022.[1] (*Id.* at 3.) Sergeant Pendergrass responded to this appeal on August 7, 2022, stating that jail staff has been trying to improve Jenkins's housing assignment for months, but Jenkins has violated multiple rules, including PREA, but that staff will continue to provide him with care. (*Id.*) However, Jenkins did not file any further appeals regarding the July 22, 2022 incident. Therefore, Jenkins failed to exhaust his administrative remedies because he did not complete the grievance procedure by filing the necessary appeals after receiving Sergeant Pendergrass's response to his initial grievance.

Jenkins's three arguments in opposition are unavailing. *First*, Jenkins argues that defendants cannot insist on his compliance with the grievance procedure when jail staff

---

[1] Defendants say that Jenkins filed this appeal on August 6, 2022, but the documents that defendants submit in support of their motion show that they are incorrect.

did not follow it correctly. Indeed, Sergeant Pendergrass did not respond to Jenkins's July 27, 2022 appeal until August 7, 2022, which is outside the 5-day period required by the handbook. However, the cases that Jenkins's cites from other jurisdictions in support of his argument do not state that if the response to a grievance takes longer than the time period provided in the policy, there is no requirement to exhaust the grievance procedure. Rather, these cases involve different situations than the circumstances present in this case. *See Kinzey v. Beard*, No. CIV A 305-2198, 2006 WL 2829000, at *10 (M.D. Pa. Sept. 1, 2006) (excusing plaintiff's failure to exhaust because his failure was due in large part to manner in which his grievance was handled); *Dunmire v. DePasqual*, No. CIV.A. 05-64 ERIE, 2005 WL 4050175 (W.D. Pa. Oct. 21, 2005) (declining to dismiss for failure to exhaust given there was material issue of fact as to whether prison complied with grievance procedure); *Shaheed-Muhammad v. Dipaolo*, 393 F. Supp. 2d 80, 97 (D. Mass. 2005) (plaintiff's letters qualified as grievances to which defendants' own policy required a response). Contrary to Jenkins's contention, the grievance appellate procedure was still available to him to follow after Pendergrass filed his late response. *See Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("perception" that exhaustion would be futile does not excuse exhaustion requirement).

*Second*, Jenkins argues that he had no information as to how to file an appeal in light of the sheriff's death, which newspapers report occurred around September 13, 2022. However, Jenkins has failed to argue or present evidence that he even reached the final step of the grievance process that required him to file an appeal with the sheriff. Indeed,

4

the sheriff died long after Jenkins filed his one and only appeal in July 2022. Therefore, the sheriff's death had no impact on Jenkin's ability to access the grievance procedure.

*Third*, the court understands Jenkins to request in the alternative that the court stay this case so that he may attempt to exhaust his claims with the new sheriff. However, the general rule in cases involving unexhausted claims is to dismiss the lawsuit without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Jenkins may attempt to exhaust his grievance against defendants now, but he should be aware that it may well be doomed as time barred.

## ORDER

IT IS ORDERED that defendants' motion for summary judgment based on plaintiff's failure to exhaust administrative remedies (dkt. #29) is GRANTED and this lawsuit is DISMISSED without prejudice.

Entered this 19th day of December, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge